IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wayne S. Maddox, | ) |
| | ) |
| Plaintiff, | ) C/A No. 7:13-1260-GRA-KFM |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| County of Spartanburg, SC; Spartanburg | ) |
| Co. Sheriffs Dept.; Spartanburg Co. | ) |
| Detention Ctr.; Spartanburg Co. EMTs; | ) |
| Spartanburg Co. Fire Dept.; Highway Patrol | ) |
| Officers, that patrol Spartanburg Co.; | ) |
| Spartanburg County Magistrate Judges, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## Background

This *pro se* Plaintiff brings a civil action apparently pursuant to 42 U.S.C. § 1983 against Spartanburg County, South Carolina, and certain other Spartanburg County departments and groups alleging that he was falsely arrested and imprisoned in the Spartanburg County Detention Center ("SCDC").[1] Compl. 10. He also alleges that while imprisoned in the SCDC several officers abused him on one occasion by dropping him on a concrete floor, Compl. 6–7, and the officials at the detention center refused to give him his seizure medicine even though an "OR Nurse" gave the officers two prescriptions to give

---

[1] This court takes judicial notice that Spartanburg County state court records show that Plaintiff is currently out on a bond after being arrested on May 28, 2013, for obtaining property under false pretenses and simple larceny (both for $2,000 or less). *See* Spartanburg County Seventh Judicial Circuit Public Index, https://publicindex.sccourts.org/Spartanburg/PublicIndex/PISearch.aspx (enter Plaintiff's name, click on "2013A4210101947 and 2013A4210101948," click on "Charges") (last visited June 19, 2013). It appears Plaintiff posted a bond on May 29, 2013. *Id.* (click on "Bonds"). *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."). Plaintiff's current pending charges or time spent in a detention center on those charges appear to be unrelated to this action.

to Plaintiff. Compl. 6–10. He alleges he has epilepsy, and he had a seizure on October 23 at approximately 8:15 a.m. at the SCDC. Compl. 4–6. Further, Plaintiff alleges he was in the detention center for twenty-four days and subjected to twenty-three hour lock-down. Compl. 8–9. He alleges that if the judge had not released him to the custody of relatives he would have died at the SCDC of an epileptic seizure. Compl. 10.

Although Plaintiff does not mention in the Complaint why or what year he was in the SCDC on October 23 for approximately twenty-four days, this court takes judicial notice that state court records show that Plaintiff was charged with public disorderly conduct on October 24, 2007, in the Spartanburg County Magistrate Court.[2] *See* Spartanburg County Seventh Judicial Circuit Public Index, https://publicindex.sccourts.org/Spartanburg/PublicIndex/PISearch.aspx (enter Plaintiff's name, click on "68137DU," click on "Charges") (last visited June 19, 2013). The records show that Plaintiff was found guilty of the charge at a bench trial on November 15, 2007, and sentenced to time served. *Id.*

## Discussion

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2) DSC, the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the district court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which

---

[2] This court may take judicial notice of factual information located in postings on government websites. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record.").

2

relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This action should be summarily dismissed because the Complaint fails to state a plausible claim on which relief may be granted.  Although the court must liberally construe the *pro se* Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *De'lonta v. Johnson*, 708 F.3d 520, 524 (4th Cir. 2013); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory).

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights

elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person."  Several of the named Defendants — Spartanburg County Sheriff's Department, Spartanburg County Fire Department, and the SCDC — are not considered persons subject to suit under § 1983.  The Spartanburg County Sheriff's Department and Fire Department are groups of persons in buildings, and the SCDC is a building, and, as such, they are not subject to suit under § 1983.  Buildings and correctional institutions, as well as sheriff's departments and fire departments, usually are not considered legal entities subject to suit.  *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Kroger v. Newberry Cnty. Sheriff's Dep't*, C/A No. 1:11-3152-MGL-SVH, 2012 WL 4511057, at *2 (D.S.C. Sept. 5, 2012) (finding that a sheriff's department is not a person subject to suit under § 1983), *adopted by* 2012 WL 4513850 (D.S.C. Sept. 28, 2012); *Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a building, detention center, is not amenable to suit under § 1983 and that Food Service

Supervisors was a group of people not subject to suit); *cf. Slaughter v. Mayor and City Council of Baltimore*, 682 F.3d 317, 319 n.* (4th Cir. 2012) (although referring to the fire department as a defendant, the Court explained that individuals within the fire department actually were the defendants). Accordingly, Plaintiff fails to state a claim on which relief may be granted pursuant to § 1983 against the Spartanburg County Sheriff's Department, Spartanburg County Fire Department, and the SCDC.

Additionally, the Spartanburg County Sheriff's Department should be dismissed based on immunity. In South Carolina, a sheriff's department is an agency of the state, not a department under the control of the county. *Gulledge v. Smart*, 691 F. Supp. 947, 954-55 (D.S.C. 1988) (discussing sheriff as agent and alter ego of state and that deputy sheriffs act as the sheriff's agent), *aff'd,* 878 F.2d 379 (4th Cir. 1989); *Carroll v. Greenville Cnty. Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994) (suit against the sheriff's office is suit against the state). As an agency of the state, the Spartanburg County Sheriff's Department is immune from suit under the Eleventh Amendment to the United States Constitution, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts. *Stewart v. Beaufort Cnty.*, 481 F. Supp. 2d 483, 492 (D.S.C. 2007) ("[A] federal court lacks jurisdiction to hear a cause of action against a South Carolina Sheriff's Department, as such a suit is barred by state immunity.") Because this court does not have jurisdiction to entertain Plaintiff's suit against Defendant Spartanburg County Sheriff's Department, it should be dismissed.

The Defendant Spartanburg County Magistrate Judges should be dismissed because it is a group of judges who have immunity from suit. It is well settled that judges

have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *see also Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages).  Whether an act is judicial or nonjudicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity.  *Mireles*, 502 U.S. at 12.  Immunity applies even when the judge's acts were in error, malicious, or in excess of his authority.  *Id.* at 12-13.  Immunity presents a threshold question. *See Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982).  Absolute immunity is "an immunity from suit rather than a mere defense to liability."  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

In this case, because Plaintiff does not allege any erroneous actions by a judge nor does he allege that a judge's actions were nonjudicial actions, judicial absolute immunity should bar this action against the Spartanburg County Magistrate Judges. Further, this court cannot discern any factual allegations of misconduct against a Spartanburg County Magistrate Judge.  Instead, Plaintiff alleges that a judge released him to the custody of his relatives saving him from possible death at the SCDC.  Thus, Plaintiff fails to state a plausible claim against that Defendant.  *See Ashcroft*, 556 U.S. at 678.

Similarly, as to Defendants Spartanburg County EMTs and Highway Patrol Officers, this court cannot discern any factual allegations of misconduct against them. Thus, Plaintiff fails to state a plausible claim against them.  *Id.*

Plaintiff also fails to state a claim on which relief may be granted as to Defendant Spartanburg County. Although Spartanburg County is considered a person subject to suit pursuant to § 1983, *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 689–90 (1978), local government bodies may be liable only where official policy caused a plaintiff's injury. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). "They are not vicariously liable under § 1983 for their employees' actions." *Id.* Thus, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Id.* Here, Plaintiff has not alleged a policy or custom that caused his injuries, so he fails to state a claim on which relief may be granted against Spartanburg County.

Lastly, because Plaintiff does not request any relief in the Complaint, he fails to state plausible claims against all of the Defendants. When a plaintiff has failed to ask for relief, a federal district court "is faced with the prospect of rendering an advisory opinion; federal courts may not render advisory opinions . . . ." *Humphreys v. Renner*, 1996 WL 88804, at *2 (N.D. Cal., Feb. 26, 1996), *following FCC v. Pacifica Found.*, 438 U.S. 726, 735 (1978) ("[F]ederal courts have never been empowered to issue advisory opinions."); *see also Graham v. Harring*, C/A No. 4:10-2570-DCN-TER, 2010 WL 5644805, at *2 (D.S.C. Dec. 8, 2010), *adopted by* 2011 WL 245661 (D.S.C. Jan. 25, 2011). Even applying liberal pleading standards as required by the Supreme Court in *Erickson v. Pardus*, 551 U.S. 89 (2007) and Rule 8 of the Federal Rules of Civil Procedure, there is no demand for relief in the Complaint. Thus, the Complaint should be dismissed based on failure to state a claim on which relief may be granted.

**Recommendation**

Based on the foregoing, it is recommended that the district court dismiss the Complaint in the above-captioned case *without prejudice*. Plaintiff's attention is directed to the important notice on the next page.

June 20, 2013  
Greenville, South Carolina

Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).