UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Wayne S. Maddox, | ) | |
| | ) | C/A No.: 7:13-cv-01260-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| County of Spartanburg, SC; Spartanburg | ) | |
| Co. Sheriff's Dep't; Spartanburg Co. | ) | |
| Detention Center; Spartanburg Co. | ) | |
| EMTs; Spartanburg Co. Fire Dep't; | ) | |
| Highway Patrol Officers, that patrol | ) | |
| Spartanburg Co.; and Spartanburg | ) | |
| County Magistrate Judges, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court for review of United States Magistrate Judge Kevin F. McDonald's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) D.S.C., and filed on June 20, 2013. Magistrate Judge McDonald recommends that this Court summarily dismiss Plaintiff Wayne S. Maddox's ("Plaintiff's") case without prejudice because the Complaint fails to state a plausible claim on which relief may be granted. ECF No. 13. The Court adopts the Magistrate Judge's Report and Recommendation in its entirety and dismisses the action without prejudice.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.

1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).  A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id*.

On June 20, 2013, a copy of the Report and Recommendation was mailed to Plaintiff and he was advised of his right to file objections to the Magistrate Judge's recommendation.  Plaintiff did not file objections and the time within which to do so has now expired.  In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation

for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this Court finds that the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law.

**IT IS THEREFORE ORDERED** that this case is DISMISSED without prejudice.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

July 24, 2013
Anderson, South Carolina